UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

BARRY BREEMAN,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**INFORMATION**

25 Cr. ___

25 CRIM 211

## COUNT ONE

### (Securities Fraud)

The United States Attorney charges:

1. From at least in or about 2018, up to and including at least in or about 2024, BARRY BREEMAN, the defendant, solicited investments in various real estate projects through false and misleading statements and then misappropriated investor funds by diverting them for personal use.

2. For years, BARRY BREEMAN, the defendant, worked as a real estate developer specializing in projects in Latin America. In or about 2018, after suffering a professional setback in his legitimate real estate business, BREEMAN began to solicit investments in sham real estate projects to make up for the loss of income in his legitimate business. In particular, BREEMAN encouraged prospective investors to buy limited partnership interests in certain Latin American real estate deals by sending them promotional photographs, prospectuses, and business projections and by promising quarterly distributions. BREEMAN, however, fabricated these investment opportunities and, in fact, often had neither a connection to the projects he promoted nor authority to sell partnership interests in them. When investors did send BREEMAN money, he applied their

funds to personal expenses, among other things, and did not use investor funds to develop the real estate projects he had described.

3. To perpetuate his fraudulent scheme, BARRY BREEMAN, the defendant, created and sent investors fictitious status updates on the purported real estate developments in which victims believed they had invested and BREEMAN used certain investor funds to pay the quarterly returns to other investors, in Ponzi-like fashion.

4. During the course of his fraudulent scheme, BARRY BREEMAN, the defendant, received more than $13 million in investor funds from approximately 30 investors. None of the funds went toward the projects that the victims believed they were investing in.

### Statutory Allegations

5. From at least in or about 2018 up to and including in or about 2024, in the Southern District of New York and elsewhere, BARRY BREEMAN, the defendant, willfully and knowingly, directly and indirectly, by use of a means and instrumentality of interstate commerce, and of the mails and a facility of a national securities exchange, used and employed manipulative and deceptive devices and contrivances, in connection with the purchase and sale of a security, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, BREEMAN engaged in a scheme to defraud his investors into making investments into real estate developments that BREEMAN was not involved in developing and could not honor, making misrepresentations to investors regarding his use of their funds, and diverting those funds for his

personal use and for other unauthorized purposes.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

6.  As a result of committing the offense alleged in Count One of this Indictment, BARRY BREEMAN, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Asset Provision

7.  If any of the above-described forfeitable property, as a result of any act or omission of BARRY BREEMAN, the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

>(Title 18, United States Code, Section 981;
>Title 21, United States Code, Section 853;and
>Title 28, United States Code, Section 2461.)

*Jay Clayton*
JAY CLAYTON
United States Attorney